Carlos Gilberto **CASSIO–ALVARADO,**
Petitioner,

v.

Michael B. **MUKASEY,** Attorney
General, Respondent.

No. 05–72885.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 27, 2008.

Romy Schmalz, Esquire, Law of Romy Schmalz, Anchorage, AK, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Christopher C. Fuller, Esquire, Michael P. Lindemann, Esquire, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: LEAVY, RYMER and THOMAS, Circuit Judges.

MEMORANDUM **

Carlos Gilberto Cassio–Alvarado, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny in part and dismiss in part the petition for review.

The IJ determined that Cassio–Alvarado provided false testimony for the purpose of obtaining an immigration benefit, thereby rendering him ineligible for cancellation of removal for lacking the requisite good moral character. *See* 8 U.S.C. § 1101(f)(6); *see also, Ramos v. INS,* 246 F.3d 1264, 1266 (9th Cir.2001). Cassio–Alvarado's contention that the IJ did not adequately address his reason for giving false testimony is not supported by the record.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We lack jurisdiction to consider Cassio–Alvarado's contention that the IJ violated due process by exhibiting bias because he failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (due process challenges that are "procedural in nature" must be exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.